# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| ATTORNEY'S PROCESS AND INVESTIGATION SERVICES, INC., | |
| Plaintiff, | No. 05-CV-168-LRR |
| vs. | **ORDER** |
| SAC AND FOX TRIBE OF THE MISSISSIPPI IN IOWA, | |
| Defendant. | |

_____

The matters before the court are Plaintiff Attorney's Process and Investigation Services, Inc.'s "Motion to Reopen Case; Notice of Final Decision of the Tribal Court on the Issue of Subject Matter Jurisdiction; [] Motion to Lift Stay[;] Expedited Relief Requested" ("Plaintiff's Motion") (docket no. 37) and Defendant Sac and Fox Tribe of the Mississippi in Iowa's "Motion to Waive Appearance of Local Counsel[;] Expedited Relief Requested" (Defendant's Motion") (docket no. 39).

On November 15, 2005, the court filed an Order (docket no. 24) staying the instant action pending exhaustion of Defendant's tribal court remedies concerning Defendant's tribal court's subject matter jurisdiction. On December 23, 2008, Defendant's Tribal Court of Appeals entered a "Memorandum and Order" affirming the lower tribal court's decision that the tribal court has subject matter jurisdiction over Defendant's claims against Plaintiff. On January 2, 2009, Plaintiff filed Plaintiff's Motion, submitting that Defendant's Tribal Court of Appeals's decision "constitutes a final tribal court determination of tribal court jurisdiction" and that Plaintiff has "exhausted its tribal remedies on the jurisdictional issues before th[e] [c]ourt." Plaintiff's Motion (docket no. 37-1), at ¶ 3. Plaintiff asks the court to reopen the instant action so that it can "challenge the jurisdiction of [Defendant's tribal] trial court and seek further relief[.]" *Id.* at ¶ 4. On

January 6, 2009, Defendant filed a Response (docket no. 40) to Plaintiff's Motion and indicated that it did not resist Plaintiff's Motion. On January 9, 2009, the court is scheduled to hold a hearing on Plaintiff's Motion. However, in light of the fact that Defendant does not resist Plaintiff's Motion, the court finds that this hearing is not necessary.

"The Supreme Court has clearly held that, *after* the parties have exhausted the remedies available in a tribal court, a district court has federal question jurisdiction to review whether a tribal court has exceeded the lawful limits of its jurisdiction." *Attorney's Process & Investigation Servs., Inc. v. Sac & Fox Tribe of the Miss. in Iowa*, 401 F. Supp. 2d 952, 958 (N.D. Iowa 2005) (citing *Nat'l Farmers Union Ins. Cos. v. Crow Tribe of Indians*, 471 U.S. 845, 856 (1985)) (emphasis in original). This process permits "a full record to be developed in the Tribal Court before either the merits or any questions concerning appropriate relief is addressed" in the federal district court. *Nat'l Farmers*, 471 U.S. at 856. "Exhaustion of tribal court remedies [. . .] will encourage tribal courts to explain to the parties the precise basis for accepting jurisdiction, and will also provide other courts with the benefit of their expertise in such matters in the event of further judicial review." *Id.* at 857.

After reviewing Defendant's Tribal Court of Appeals's decision, the court is satisfied that Plaintiff has exhausted its tribal remedies on the jurisdictional issues it asks the court to review. Accordingly, the court shall grant Plaintiff's Motion. Because the court will not hold a hearing on Plaintiff's Motion, the court shall deny Defendant's Motion as moot.

In light of the foregoing, **IT IS ORDERED THAT**:

(1) Plaintiff's Motion (docket no. 37) is **GRANTED**;

(2) the stay in the instant action is **LIFTED** and the instant action is **REOPENED**;

(3) the hearing scheduled for January 9, 2009 in the instant action is **CANCELLED**;

(4) Defendant's Motion (docket no. 39) is **DENIED AS MOOT**;

(5) due to recent changes in the local rules, the Clerk of Court is **DIRECTED** to provide the parties with a New Case Packet; and

(6) for purposes of the parties' compliance with the local rules, they should proceed as if the Complaint were filed as of the date of this order.

**IT IS SO ORDERED.**

**DATED** this 7th day of January, 2009.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA