IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| ATTORNEY'S PROCESS AND INVESTIGATION SERVICES, INC., Plaintiff, vs. SAC & FOX TRIBE OF THE MISSISSIPPI IN IOWA, Defendant. | No. C05-0168 RULING ON MOTION TO AMEND BRIEF |

This matter comes before the Court on the Motion to Amend Brief and Statements Regarding Facts (docket number 79) filed by Defendant Sac & Fox Tribe of the Mississippi in Iowa on April 23, 2009. Pursuant to Local Rule 7.c, the motion will be decided without oral argument.

### *BACKGROUND FACTS AND PROCEEDINGS*

On October 21, 2005, Plaintiff Attorney's Process and Investigation Services, Inc. ("API") filed a Complaint (docket number 2) against Defendant Sac & Fox Tribe of the Mississippi in Iowa ("the Tribe"), seeking declaratory judgment and an order compelling arbitration regarding an alleged breach of contract. Initially, the Court stayed all proceedings in this Court pending exhaustion of API's Tribal Court remedies. *See* Order Denying Motion for Preliminary Injunction (docket number 24). More than three years later, on January 2, 2009, the Court was advised that API has "exhausted its tribal remedies on the jurisdictional issues before this Court." *See* Motion to Reopen Case (docket number 37). There being no resistance by the Tribe, the Court lifted the stay and reopened the action on January 7, 2009. *See* Order (docket number 41).

1

On January 27, 2009, the Tribe filed a Motion to Dismiss (docket number 48), arguing that the Court lacks subject matter jurisdiction, lacks jurisdiction over the Tribe, that the Tribe enjoys sovereign immunity, and that API has failed to state a claim upon which relief can be granted. The motion is supported by a brief and nearly 1,000 pages of exhibits. On March 1, API filed a Resistance (docket number 61) to the Tribe's motion to dismiss. The Court authorized API to file an overlength brief (docket number 66) in resistance to the Tribe's motion to dismiss.[1] On March 16, the Tribe filed a reply brief (docket number 69) in support of its motion to dismiss. The Tribe's motion to dismiss is currently pending before the District Court.

On March 1, 2009 (the same day that it filed its resistance to the Tribe's motion to dismiss), API filed a Motion for Partial Summary Judgment on Jurisdictional Grounds (docket number 63). On April 6, the Tribe filed a brief (docket number 74) in support of its resistance to API's motion for partial summary judgment. Attached to its Resistance were the Tribe's Response to API's Statement of Material Undisputed Facts (docket number 74-2), and its Statement of Material Undisputed Facts (docket number 74-3). API filed a Reply (docket number 76) on April 13, 2009.

On April 23, 2009, the Tribe filed the instant motion, asking that it be permitted to amend the memorandum and attachments which it filed in resistance to API's motion for partial summary judgment. The Tribe asks that it be permitted to file an appendix, and amend the referenced documents to include appropriate citations to API's appendix and the Tribe's appendix. API asks that the Tribe's request be denied.

## *DISCUSSION*

In its reply to the Tribe's resistance to the motion for partial summary judgment, API complains that the Tribe failed to make specific references to the appendix, as

---

[1] In its Order granting API's application to file an overlength brief, the Court instructed the Clerk of Court to detach and "separately docket" the brief, rather than attaching it to API's resistance. Accordingly, API's brief in support of its resistance to the motion to dismiss is found at docket number 66. (The Court should have ordered that the brief be detached by the Clerk of Court and docketed with the resistance.)

2

required by Local Rule 56. In its instant motion to amend, the Tribe concedes that it did not include appropriate citations to API's appendix, in violation of Rule 56.b. The Tribe argues, however, that all of the documents referenced in its brief are in API's possession, that API is "exceedingly familiar with all of the documents," and that API will not be prejudiced by permitting the Tribe to amend its Resistance and make appropriate citations to the appendix. The Tribe expresses "doubts" that API has been "hampered in its ability to reply," as claimed by API.

A party resisting a motion for summary judgment must, among other things, respond to the movant's statement of material facts, and submit a statement of additional material facts that the resisting party contends precludes summary judgment. Both documents must contain appropriate citations to the appendix.

> A response to an individual statement of material fact that is not expressly admitted must be supported by references to those specific pages, paragraphs, or parts of the pleadings, depositions, answers to interrogatories, admissions, exhibits, and affidavits that support the resisting party's refusal to admit the statement, *with citations to the appendix containing that part of the record*. The failure to respond, with appropriate citations to the appendix, to an individual statement of material fact constitutes an admission of that fact.
>
> Each individual statement of additional material fact must be concise, numbered separately, and supported by references to those specific pages, paragraphs, or parts of the pleadings, depositions, answers to interrogatories, admissions, exhibits, and affidavits that support the statement, *with citations to the appendix containing that part of the record.*

Local Rule 56.b. (emphasis added) The Tribe admittedly failed to comply with Rule 56.b. The issue before the Court is whether or not a party should be permitted to rectify the error after the opposing party has filed its response.

There are good reasons why specificity and citation to the appendix are required when denying a movant's statement of material fact or asserting an additional material fact.

> [T]his court's local rule for summary judgment motions has been developed and refined over several years, based on the experience of the court and attorneys, with the intention of making it easier for the parties to respond to each other's factual assertions and arguments, as well as to aid the court in the prompt and efficient disposition of summary judgment motions.

*Parada v. Great Plains Intern. of Sioux City, Inc.*, 483 F. Supp. 2d 777, 783 at n.1 (N.D. Iowa 2007). Failure to comply with the rule makes "the parties' submissions confusing and the disposition of the motion unnecessarily laborious." *Id.*

The local rule exists to prevent the district court from "engaging in the proverbial search for a needle in the haystack." *Northwest Bank & Trust Co. v. First Illinois Nat'l. Bank*, 354 F.3d 721, 725 (8th Cir. 2003). "Courts have neither the duty nor the time to investigate the record in search of an unidentified genuine issue of material fact to support a claim or defense." *Libel v. Adventure Lands of America, Inc.*, 482 F.2d 1028, 1033 (8th Cir. 2007). Similarly, the movant's counsel should not be required to speculate regarding the part of the record upon which the opposing party relies.

The cases cited by API in resistance to the instant motion illustrate, however, that upon request the district court will generally give an offending party an opportunity to correct its shortcomings. In *Northwest Bank*, for example, the plaintiff's response to the defendant's motion for summary judgment "failed to expressly admit or deny much of anything, preferring instead to be simply argumentative." *Northwest Bank & Trust Co. v. First Illinois Nat'l. Bank*, 221 F. Supp. 2d 1000, 1003 (S.D. Iowa 2002). Not only did the plaintiff fail to cite to any specific record facts contained in the appendix, it submitted its own "labyrinthian fifty-four page Statement of Material Facts." *Id.* at 1003-04. Finding that the plaintiff failed to comply with Local Rule 56.1(b) (now 56.b), the district court nonetheless gave the plaintiff an opportunity to correct its failings:

> As neither of these submissions comported with the Local Rules, the Court ordered Plaintiff to resubmit both. In so doing this Court recognized that in finding violations of the Local Rules, the Court seeks to do justice and not simply to punish. The Court then denied Defendants' requests for the offending documents to be stricken from the record, to deem all of Defendants' stated facts admitted, and to sanction Plaintiff's counsel for violation of the local rules.[2] Justice is not served by taking a heavy-handed approach to violations of local procedural rules. Non-compliance by counsel slows the judicial process and is certainly frustrating to both opposing counsel and to the Court. Imposing Draconian sanctions for isolated rule violations, however, does far more than simply punishing the attorneys. Rather, such an approach destroys the vital right of the, most likely, innocent client to have her day in Court simply because her attorney mistakenly violates a local procedural rule. This Court will not be party to such an egregious offense of anyone's right to due process. Appropriately, a "District Court has considerable leeway in the application of its local rules." *Martinez v. Union Pacific R.R. Co.*, 82 F.3d 223, 227 (8th Cir.1996). Patience, restraint, goodwill, and a desire for fair play, however, have their limits; both sides of a case deserve justice in proceedings before this Court

*Id.* at 1004. (Footnote in original.)

In *Libel*, the plaintiff resisted the defendant's motion for summary judgment without supporting citations. When Adventure Lands objected, Libel filed a motion for leave to amend her response. The district court granted Libel's motion. 482 F.3d at 1032. Here, the Tribe asks for the same opportunity to correct its filings.

The Court concludes that the Tribe should be given an opportunity to correct its error here. API's statement of material facts consists of 16 paragraphs. In its response, the Tribe does not dispute six of the allegations, and only partially disputes two other allegations. While the Tribe does not refer to API's appendix in disputing the remaining

---

[2] Each of the denied requests, however, is within the Court's power under Local Rule 1.1(f).

allegations, it refers generally to documents contained in API's appendix. The Tribe's statement of additional material facts consists of 20 numbered allegations, spanning 4 pages. Each allegation refers to a document which the Tribe claims supports the allegation, although no reference is made to the page in API's appendix where the document may be found.[3] In its proposed amended filings, the Tribe identifies specific page numbers in the appendices, in an effort to fully comply with Rule 56.b.

It does not appear that the Tribe's initial failure to comply with Rule 56.b substantially hampered API's ability to reply. *See* API's Reply to the Tribe's Statement of Undisputed Facts (docket number 76). The assertions set forth in the Tribe's statement of material undisputed facts are straightforward, the documents upon which it relied are identified, and API showed no apparent difficulty in formulating its reply.

API also argues that the proposed changes would be "futile," claiming the Tribe continues to assert argument, rather than facts. In its statement of material "undisputed facts," API makes certain assertions regarding the existence of an agreement between API and the Tribe, the authority of Alex Walker to act on behalf of the Tribe, and similar issues. In its response, the Tribe disputes the assertions, claiming repeatedly that it has been "definitively determined" by the Tribal Court that the allegations are untrue. API argues that the responses and similar affirmative claims by the Tribe in its statement of material undisputed facts are impermissible argument. The legal effect of the Tribal Court's findings, if any, will be determined by the District Court when considering the Tribe's motion to dismiss and API's motion for partial summary judgment. To the extent that a portion of the Tribe's filings may assert argument, rather than fact, it will be considered as such by the District Court. That is, the District Court is fully capable of distinguishing fact from argument. While some argument may be interspersed with

---

[3] According to the Tribe's instant motion, all of the referenced documents are found in API's appendix, save one. In its proposed appendix (document number 79-5), the Tribe submits the answer and counterclaim filed by API in the proceeding before the Tribal Court.

allegations of fact, the Court concludes that denial of the instant motion to amend the Tribe's resistance to API's motion for partial summary judgment - to add citations to the appendices - is not the appropriate remedy.

Finally, the Court rejects API's argument that granting the amendment would unduly prejudice API. According to its resistance, "API has already spent significant time on trying to ferret out what actual factual statements were contained in the Tribe's Response and in its Statement of Facts."[4] API complains that if the Tribe is permitted to amend its filings, part of API's previous reply "would no longer be accurate or meaningful." API suggests that permitting the Tribe to amend "would create further unnecessary expense and would further delay the proceedings." The Court is not unsympathetic to API's argument. As set forth above, there are good reasons why the local rules require the parties to allege facts with specificity and citation to the appendix. Nonetheless, for the reasons set forth above, the Court concludes that the Tribe should be permitted to correct its failure to comply with Rule 56.b.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Motion to Amend Brief and Statements Regarding Facts (docket number 79) filed by Defendant Sac & Fox Tribe on April 23, 2009 is hereby **GRANTED**.

2. The Clerk of Court shall detach and separately docket the Response to Plaintiff's "Statement of Material Undisputed Facts" (docket number 79-2); Defendant's Statement of Material Undisputed Facts (docket number 79-3); the Memorandum in Support of Tribe's Resistance to API's Motion for Partial Summary Judgment on Jurisdictional Grounds (docket number 79-4); and the Appendix (docket number 79-5) attached to the instant motion.

3. In addition, in order to correct a previous error of the Court, the Court directs the Clerk of Court to attach the Memorandum of Authority in Support of API's

---

[4] *See* Resistance to Tribe's Motion to Amend Brief, ¶ 11 at 5 (docket number 83 at 5).

Resistance to the Tribe's Motion to Dismiss (docket number 66) to API's Resistance to the Tribe's Motion to Dismiss (docket number 61).

DATED this 8th day of May, 2009.

_____
JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA